ALASKA PACKERS' ASS'N v. GETZ BROS. & CO.

(Court of Appeals of District of Columbia. Submitted March 12, 1919. Decided May 5, 1919.)

No. 1216, Patent Appeals.

TRADE-MARKS AND TRADE-NAMES ⬯20—REGISTRATION—"OUR FLAG"—PREVIOUS USE OF FLAGS BY OTHERS ON SIMILAR GOODS.

Registration of the mark "Our Flag" for canned salmon and oysters is not precluded because the opposer had previously used several different flags in connection with the sale of the same kind of goods.

Appeal from Commissioner of Patents.

Application by Getz Bros. & Co. to register a trade-mark, opposed by the Alaska Packers' Association. From a decision of the Commis-

sioner of Patents granting the application, the opposing party appeals. Affirmed.

Alex S. Stewart, of Washington, D. C., Chas. E. Townsend, of San Francisco, Cal., and Church & Church, of Washington, D. C., for appellant.

E. T. Fenwick and L. L. Morrill, both of Washington, D. C., for appellee.

PER CURIAM. Alaska Packers' Association opposed the registration by Getz Bros. & Co. of the mark "Our Flag" for canned salmon and canned oysters. It appears that the opposer was organized in 1893 by combining several minor companies. Each of the merged companies had been accustomed to use a flag, bearing a distinguishing letter, as a mark and the opposer after the merger continued to use the flags of its constituent companies to designate different brands of salmon. In Alaska Packers' Association v. Admiralty Trading Co., 43 App. D. C. 198, the Trading Company applied for registration of a flag "having a blue background," etc., with the red monogram "A. T. Co.," to be used as a mark on canned salmon, and was opposed by the Packing Association, appellant herein, on the ground that the use of the flag by the Trading Company would be likely to produce confusion in trade. We ruled that since the Packing Association used several different flags in the sale of different brands of its goods it was hardly in a position "to contend that the mark of the applicant will be likely to cause confusion in trade, since that mark differs from each of its marks as much as they differ from one another." Applying this decision to the case at bar when it was before him, the Commissioner said:

"I do not see why this holding does not apply in the present case. It certainly decided that the Admiralty Trading Company could not be stopped by the Alaska Packers' Association, the present opposer, in its use of a flag as a trade-mark. If, then, the Admiralty Trading Company can use its flags as a trade-mark, it is drawing pretty fine distinctions to say that the present applicant is not entitled to use the words "Our Flag" as its mark. The distinction is entirely too fine to be noticed by the purchasing public."

We believe that the Commissioner was right, and for that reason his decision is affirmed.

Affirmed.