## BOOTH FISHERIES CO. v. ADAMS & SONS GROCER CO.

(Court of Appeals of District of Columbia. Submitted January 11, 1926. Decided February 1, 1926.)

### No. 1793.

1. **Trade-marks and trade-names and unfair competition ⚖️21—One not originator of mark entitled only to distinctive features added by him.**

One not originator of particular trade-mark, or first user of it on goods of same general class, is not entitled to exclusive use thereof, but only to such distinctive features as he adds.

2. **Trade-marks and trade-names and unfair competition ⚖️43—Registration of trade-mark "Black Diamond" held not to preclude registration of "Diamond A."**

Prior registration of trade-mark "Black Diamond" *held* not to preclude another's registration of trade-mark "Diamond A" for use on goods of same descriptive qualities, in view of general use of "Diamond" as a trade-mark.

3. **Trade-marks and trade-names and unfair competition ⚖️44—Appellant in opposition proceeding should bear costs of bringing omitted registrations into record by certiorari.**

One appealing from decision dismissing opposition to registration of trade-mark, and failing to incorporate the trade-mark, registrations of the prior art relied on to show that opposer was not the originator of a common feature of applicant's and opponent's marks, should bear the cost of bringing them in by certiorari.

Appeal from the Commissioner of Patents.

Proceeding by the Adams & Sons Grocer Company for registration of trade-mark, opposed by the Booth Fisheries Company. From a decision dismissing the opposition, opposer appeals. Affirmed.

W. N. Cromwell and L. T. Greist, both of Chicago, Ill., for appellant.

R. R. Rommel, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in a trademark opposition proceeding, dismissing appellant's opposition to the registration by the appellee of the mark "Diamond A," associated with the representation of a diamond inclosing a large capital "A."

In its notice of opposition, appellant alleged that its trade-mark was a diamond-shaped figure and the word "Diamond." In the answer filed by appellee, it was alleged that appellant's mark was not "Diamond," but "Black Diamond," "as shown in the registration * * * No. 16,989, dated September 3, 1899." The evidence fully supported this averment of the answer. The Examiner of Interferences found that the mark used by appellant "is the notation 'Black Diamond,'" and the decision of the Assistant Commissioner was to the same effect.

[1] There is no dispute that the goods of the respective parties are of the same descriptive properties. It appears that the Patent Office, both before and after adoption of the mark "Black Diamond" by appellant, registered the word "Diamond" in varying forms to many different parties, and to several for use upon goods of the same descriptive properties as those of appellant. Appellant, therefore, was not the originator of the diamond as a trade-mark for canned food products, and is not entitled to the exclusive use of that word or representation. Alaska Packers' Ass'n v. Admiralty Trading Co., 43 App. D. C. 198; Alaska Packers' Ass'n v. Getz Bros. & Co., 49 App. D. C. 55, 258 F. 527. See, also, Am. Steel Foundries v. Robertson et al., 46 S. Ct. 160, 70 L. Ed. ——, decided in the Supreme Court of the United States January 4, 1926. On this point the Assistant Commissioner said:

"It seems to be fairly justifiable to hold that a diamond shape had been used to a considerable degree upon goods of this same general class before the opposer entered the field. Each of those who followed the first user of a diamond shape is only entitled to such distinctive features as he adds to his figure."

[2] A different conclusion would result in the granting to appellant of a monopoly in the use of the word "Diamond" and representation of it, to which appellant is not entitled. We agree with the Patent Office that the difference between the two marks is such as to entitle appellee to the registration of its mark.

[3] Appellant, in making up the record, failed to incorporate the registration to which reference has been made, and this matter was brought into the record by certiorari, at the instance of appellee. The costs involved in this insertion should be borne by appellant.

The decision is affirmed.

Affirmed.