### SEXTON MFG. CO. v. GOODALL WORSTED CO.

Patent Appeal No. 2360.

Court of Customs and Patent Appeals.
May 28, 1930.

S. George Tate, of Washington, D. C. (Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Pattison, Wright & Pattison, of Washington, D. C. (A. S. Pattison and Wm. H. Pattison, both of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant filed application in the United States Patent Office for the registration of the words "Palm Beach," as a trade-mark to be used on union suits, drawers, nightshirts, and pajamas made of woven textiles, and alleged that it had used said mark on said goods since January 22, 1926. After notice had been duly published, the Goodall Worsted Company, a corporation of the state of Maine, filed an opposition, under the provisions of the statute, claiming use of the mark "Palm Beach" for textile fabrics for the making of outer clothing, and for outer clothing. Appellant moved to dismiss the opposition, which motion was denied. The Examiner of Trade-mark Interferences dismissed the opposition, and the Assistant Commissioner, acting for the Commissioner of Patents, reversed the Examiner of Interferences, sustained the opposition, and refused registration of applicant's proposed mark. From the decision of the Commissioner, refusing registration, appellant appealed to this court.

The record shows that the opposer adopted the mark "Palm Beach" in the year 1916, and built up an extensive business in the manufacture and sale of Palm Beach cloth; that its sales during the five years preceding 1927 reached approximately $20,000,000, and that during that time it had expended something like $3,000,000 in advertising. Opposer is not, and has not been, a manufacturer of ready made clothing, but licenses others to use the mark on clothing made from its cloth.

Much of appellant's argument and brief is in connection with the proposition that the Goodall Worsted Company was not the originator of the words "Palm Beach," that "Palm Beach" was the name of a town which is a style center, and that it therefore was not entitled to a monopoly of the words. This argument leads to the conclusion that appellant does not think appellee had the right to register the mark. Appellant should not be heard to complain of this fact, since it seeks to register the same mark. American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc. (Cust. & Pat. App.) 38 F.(2d) 696.

Appellant also argues at great length that the goods of opposer are not of the same descriptive properties as the goods of appellant, and that confusion would not result since the goods of opposer are outer garments or materials for making the same, while the goods of applicant are under garments.

The statute provides as follows:

"Provided, that trade-marks which are identical with a registered or known trade-

mark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered. * * * "

In the case at bar, the marks are identical, and, in our judgment, the goods are of the same descriptive properties within the meaning of the quoted provision of the statute. In consideration of these facts, registration should be denied, and the Commissioner's decision was correct. California Packing Corporation v. Tillman & Bendel, Inc. (Cust. & Pat. App.) 40 F.(2d) 108; B. F. Goodrich Co. v. Clive E. Hockmeyer et al. (Cust. & Pat. App.) 40 F.(2d) 99; Sun-Maid Raisin Growers of Calif. v. American Grocer Co. (Cust. & Pat. App.) 40 F. (2d) 116; Sharp & Dohme v. Parke, Davis & Co. (Cust. & Pat. App.) 37 F.(2d) 960; Di Santo v. Guarneri, 57 App. D. C. 89, 17 F. (2d) 677; In re Defender Mfg. Co., 58 App. D. C. 234, 26 F.(2d) 1012.

The decision of the Commissioner of Patents is affirmed.

Affirmed.