## NATIONAL BISCUIT CO. v. SHERIDAN.*
### Patent Appeal No. 2516.

Court of Customs and Patent Appeals.

Dec. 1, 1930.

C. A. Vilas and P. W. Mosher, both of New York City (Paul A. Blair and J. Harold Kilcoyne, both of Washington, D. C., of counsel), for appellant.

Eugene E. Stevens, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed from the decision of the Commissioner of Patents, dismissing an opposition filed by appellant, and holding that appellee was entitled to the registration of a trade-mark for which he made application in the Patent Office.

The opposition is based on the so-called "confusion in trade" clause of section 5 of the Trade-Mark Act of 1905 (15 USCA § 85), on the ground that appellee's proposed trade-mark so nearly resembles the trade-mark of appellant as to be likely to cause confusion and mistake in the mind of the public and to deceive purchasers as to the origin of the respective merchandise, when applied to goods of the same general class.

The opposer, appellant, is a manufacturer and distributor of bakery products throughout the entire United States, and has been engaged in such business since 1898, during all of which time it has used a trade-mark consisting of the words "American Beauty" associated with the representation of roses. Appellant registered "American Beauty," under certificate 92,477 on July 8, 1913, in the United States Patent Office, and said registration is still in force and owned by it. Other registrations of "American Beauty," associated with the representation of roses, have been made by appellant for bakery products, which registrations were all made prior to the application of appellee. Appellant used its trade-mark on ice cream cones which it manufactured and sold before appellee's use of his proposed trade-mark. There is no claim that appellant sold ice cream cones at the time appellee adopted the mark. The merchandise upon which appellant now uses its trade-mark most similar to the merchandise of appellee is ginger snaps, lemon snaps, and vanilla snaps.

The Commissioner dismissed the opposition upon the theory that applicant's goods were not packaged or sold to the consumer in the same manner as the goods of opposer, that applicant's goods were sold to the consumer as an ice cream cone into which, ordinarily, ice cream was placed, and that the cone was used incidently with the ice cream, and that both cone and cream, when united, were sold to the ultimate consumer as an "ice cream cone," while opposer's goods, although served with ice cream, were separate from the same. The Commissioner furthermore was of the opinion that, although the opposer had shown that its goods are sold in small packages and cartons to druggists and dispensers of confections and ice cream, in the same manner as applicant's products are sold, such purchasers as buy in this quantity would be of the class who would be less likely to be

*Rehearing denied January 21, 1931.

misled by the similarity of the marks upon the goods.

As an additional reason for dismissing the opposition, it is stated by the Commissioner that:

"To the foregoing may be added the fact that these words, American Beauty, and the representation of a rose, have been widely adopted in connection with trade marks used upon a very large variety of products and, in consequence, the public would be more inclined to distinguish the goods of opposer from those of applicant than if the mark had not been used except upon the opposer's goods.

"The conclusion in this case is reached not without difficulty, for the doctrine is well settled that any doubt must be resolved against the newcomer, but as the marks are not identical, the goods are specifically quite different, and opposer's mark is of a character widely used upon a large variety of goods, it is deemed there is no likelihood of confusion."

■ Ice cream cones and snaps are both bakery food products, and are composed in the main of the same ingredients. Both are in the same markets, sold and eaten in connection with ice cream, and both are similarily packaged for certain sales. In view of the decisions of this and other courts, we do not have the slightest doubt that the goods of the opposer and the goods of applicant are of the same descriptive properties, within the meaning of that term of the statute, and that, notwithstanding the fact that they differ in some respects in their characteristics and manner of sale, if identical trade-marks or trade-marks nearly resembling each other should be used on both goods, the confusion, mistake or deception referred to in the statute would be likely. Sun-Maid Raisin Growers of California v. American Grocer Co. (Patents) 40 F.(2d) 116 (Cust. & Pat. App.); B. F. Goodrich Co. v. Hockmeyer (Patents) 40 F.(2d) 99 (Cust. & Pat. App.); California Packing Corporation v. Tillman & Bendel, Inc. (Patents) 40 F.(2d) 108, 113 (Cust. & Pat. App.); Heekin Co. v. Lawrenceburg Roller Mills Co. (Patents) 40 F.(2d) 119 (Cust. & Pat. App.); Malone v. Horowitz (Patents) 41 F.(2d) 414 (Cust. & Pat. App.); American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc. (Patents) 38 F.(2d) 696, 699 (Cust. & Pat. App.); Yale Electric Corporation v. Robertson (C. C. A.) 26 F.(2d) 972; California Packing Corp. v. Price-Booker Mfg. Co., 52 App. D. C. 259, 285 F. 993.

It is admitted that the trade-marks are almost identical. The pictorial representation of a cone in appellee's mark is disclaimed. In the one instance the mark consists of the words "American Beauty Rose," associated with the representation of a rose, and in the other instance the mark consists of the words "American Beauty" and a representation of roses.

The issue here is plain. It must be remembered that the statute (15 USCA § 85) in part reads:

"* * * Provided, That trade-marks which are identical with a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties, *or which so nearly resemble a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered. * * *"* (Italics ours.)

■ The mandate of the statute is compelling, and the newcomer must be denied registration if his mark so nearly resembles the mark of the owner of a registered or known trade-mark as to lead to confusion, when used upon goods of the same descriptive properties.

Appellee's main argument here is to the effect that the doctrine laid down in the cases of Pabst Brewing Co. v. Decatur Brewing Co. (C. C. A.) 284 F. 110, and France Milling Co. v. Washburn-Crosby Co., Inc. (C. C. A.) 7 F.(2d) 304, is applicable to the issue at bar, and has pointed out twenty-two registrations of the words "American Beauty" for different food and grocery products, some of which registrations were said to be made prior to the registration of appellant and several of which registrations preceded the first use by appellant. These registrations were neither introduced in evidence nor submitted to this court, but are only named in the answer to the notice of opposition. In view of our conclusions, we do not deem it necessary to determine whether, strictly speaking, they are before us for consideration. Since the Commissioner based its decision, in part, upon this phase of the case, we think it advisable to restate this court's position in respect thereto.

It is contended by appellee that, since the National Biscuit Company, appellant, in selecting the trade-mark "American Beauty," entered a field which already had been entered by others using the trade-mark "Amer-

ican Beauty," it is limited in the use of its trade-mark and in the protection afforded for it to the narrow scope of the goods upon which it actually uses it, and that, in determining whether or not there is a likelihood of confusion, this court and the Patent Office must take into consideration the fact that purchasers are cognizant of the extensive and broad use of the trade-mark "American Beauty," and that in such an instance confusion is not probable.

Without questioning in the least the correctness of the doctrine laid down in the two cases last cited, when applied in cases like those before the Circuit Courts of Appeals in the trial of the so-called Blue Ribbon and Gold Medal Cases, we regard ourselves as confronted with an entirely different problem. In the equity cases cited the question of use was involved. In this court the right to register is the issue at bar. True enough, we have said, in substance, that a trade-mark which cannot be defended in the common law is not entitled to registration, but this is not saying that all trade-marks which can be defended in the common law, in view of the wording of the statute, are entitled to registration. In Sharp & Dohme v. Parke, Davis & Co. (Patents) 37 F.(2d) 960, 962, this court said:

"This statute is plain and definite. If the mark which applicant seeks to register upon goods of the same descriptive properties is the same as an opposer's registered mark, then the applicant's mark cannot be registered. It is unimportant what rights others may have as against the opposer's mark—the applicant has no right to assert them in such proceeding. The same principle would be applicable to known owned unregistered trade-marks."

In California Packing Corp. v. Tillman & Bendel, Inc., supra, where the use of identical trade-marks, "Del Monte," was under consideration, this court said:

"Appellee argues at great length that it should be permitted to register its trade-mark because it was the prior user on coffee as stated hereinbefore, apparently from the standpoint that our decision as to the registrability of its trade-mark in this action would be controlling of its right to use the name 'Del Monte' on coffee. We are only concerned in this action with appellee's right of *registration* of the trade-mark and not with its *use* of the same. As to whether appellee, in law, has the right to use the trade-name 'Del Monte' on coffee in containers of any description, or whether it has the right to use it in markets confined to the West coast or throughout the world, are questions not before us and are not decided. We do decide that such a statement of facts is not shown here as would warrant this court in saying that appellee was entitled to the *exclusive* use of the words on coffee, the right to such exclusive use being implied from the right to registration. The goods being of the same descriptive properties, so that the registration of the proposed trade-mark will lead to confusion, the statute requires that registration be denied, irrespective of other legal rights between the parties. (Note, Beech-Nut Co. v. Lorillard Co., 273 U. S. 629, 47 S. Ct. 481, 71 L. Ed. 810, was an action for infringement and not concerning registration.) [Italics quoted.] '* * *

"* * * In urging the registrability of appellee's trade-mark as against the identical mark of the opposer, it is, to say the least, not helpful for applicant to point out that others have used the same or a similar mark prior to opposer's use of the same. Sharp & Dohme v. Parke, Davis & Co. (Cust. & Pat. App.) 37 F.(2d) 960. See, also, Del Monte Special Food Co. v. California Packing Corp. (C. C. A.) 34 F.(2d) 774. Thaddeus Davids Co. v. Davids [233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046], supra, is squarely in point here."

In American Fruit Growers, Inc., v. Michigan Fruit Growers, supra, this court said:

"It appears in the case at bar that appellee seeks to register its mark for use on fresh and canned fruits. Appellant's mark is used on fresh fruits and vegetables. So far as we are aware, appellant was entitled to the registration of its mark for use on its products. If it was not, its mark ought not to have been registered; if it was inadvertently registered, those injured by such registration have a statutory remedy—application for cancellation. Appellee, however, is not injured by the registration of appellant's mark, and, while it may be that appellant is not the originator of a representation of a goose for use in a trade-mark, neither is appellee. Can it be said then that appellant is so narrowly restricted in the use of its mark that it is not entitled to the protection afforded by the statute? We think not. * * * *"

■ We conclude that confusion would result on account of the similarity of the marks under the circumstances of this case, and that

the opposition should have been sustained. The decision of the Commissioner of Patents is reversed.

Reversed.