**DECKER & COHN, Inc., v. S. LIEBOVITZ SONS, Inc.**

No. 2501.

Court of Customs and Patent Appeals.

Dec. 19, 1930.

Arthur F. Durand, of Chicago, Ill. (Charles S. Grindle, of Washington, D. C., of counsel), for appellant.

Conway P. Coe, of Washington, D. C. (Richards & Geier, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal, in a trade-mark opposition proceeding, from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the notice of opposition and holding that appellee was entitled to the registration of the trade-mark "Society" for use on certain articles of clothing, namely, dress shirts, negligee shirts, blouses, boys' shirts, and pajamas.

In its application for registration, filed February 12, 1927, appellee alleged that it had used its trade-mark since January 5, 1927.

In its notice of opposition, appellant alleged that it had used the word "Society" as a trade-mark, for approximately twenty years, on various articles of clothing, including men's knickerbockers, coats, overcoats, vests, trousers, jackets, knickerbockers for women, coats, overcoats, vests, pants, knickerbockers for youths and children, and other articles of wearing apparel; that its trade-mark was well and favorably known to the public; that it distinguished opposer's goods from the goods of other manufacturers; that, due to its long and extensive use, its trade-mark was well and favorably known to the public; and that appellant believed that it would be damaged by the registration of the mark "Society" to appellee. Appellant also pleaded in its notice of opposition the following registrations for the words "Society Brand" and "Society" on various articles of clothing:

No. 66,619, December 17, 1907.

No. 74,272, June 29, 1909.

No. 208,938, February 9, 1926.

In its answer to the notice of opposition, appellee called attention to the fact that there were many registrations of the trade-mark "Society" in the Patent Office, for use on various articles of wearing apparel; and that, as the word "Society" had been extensively used by others on articles of wearing apparel, appellant was restricted in its right to use its mark to the specific articles of clothing enumerated in its several registrations.

Thereafter, appellee submitted certain interrogatories to be answered by appellant. It appears from appellant's answer thereto that it had never used the trade-mark "Society" on men's dress shirts, for formal occasions; that it had used its trade-mark on hats and caps made of cloth as early as October, 1913; and that it had manufactured and sold spats under its trade-mark as early as 1908, but that no labels bearing its mark were attached to such articles.

Upon this record the tribunals below held that, although the marks were substantially identical, the word "Society" being the dominant feature of each, the goods on which the parties used their trade-marks did not possess the same descriptive properties; that therefore the use by appellee of its mark would not be likely to cause confusion or mistake in the mind of the public; and that appellee was entitled to have its mark registered.

■ This court has held that the language "same descriptive properties" appearing in

the proviso of section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85) was intended by the Congress to relate to goods of the same general class; that it was not intended to be more or less comprehensive than the term "class" used in the first part of the section; and that it should be limited or extended, both in meaning and application, according to whether or not "the use of identical or similar trade-marks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." B. F. Goodrich Co. v. Hockmeyer (Zip-on Mfg. Co., Substituted), 40 F.(2d) 99, 103, 17 C. C. P. A. 1068.

In the Goodrich Co. Case, supra, it was held that boots and overshoes made of rubber and fabric possessed the same descriptive properties as " 'leggings; men's, women's, and children's knicker-bockers; children's rompers, children's sleeping and carriage suits, children's hats, children's coats, children's suits, children's overalls, children's play suits, children's bath robes, children's blouses, children's bloomers.' "

In the case of Sexton Mfg. Co. v. Goodall Worsted Co., 40 F.(2d) 1017, 17 C. C. P. A. 1196, it was held that union suits, drawers, nightshirts, and pajamas possessed the same descriptive properties as outer clothing and the textile fabrics used in the manufacture of such clothing.

■ It would seem that, if appellee is permitted to use the trade-mark "Society" on its goods, concurrently with the use by appellant of its mark on its goods, confusion and deceit would likely result. We are of opinion that the goods of the respective parties possess the same descriptive properties within the principles heretofore announced by this court. California Packing Corporation v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; B. F. Goodrich Co. v. Hockmeyer (Zip-on Mfg. Co. Substituted), supra; Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.(2d) 116, 17 C. C. P. A. 1034; Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 17 C. C. P. A. 1103; Sexton Mfg. Co. v. Goodall Worsted Co., supra; Cluett, Peabody & Co., Inc., v. Hartogensis (Arrow Emblem Co. Inc., Substituted), 41 F.(2d) 94, 17 C. C. P. A. 1166.

■ It is claimed, however, by counsel for appellee that, due to the many registrations of the trade-mark "Society" for various articles of wearing apparel, appellant is restricted in its use of its mark "Society" to

the precise goods referred to in its registrations.

From an examination of the record, it appears that the word "Society" was registered for use on leather boots and shoes only, prior to the first registration of its mark by appellant. Appellee did not originate the mark, nor did it use it prior to its use and registration by appellant. Accordingly, appellee is not in a position to raise this issue in the case at bar. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. 842; American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 17 C. C. P. A. 906; National Biscuit Co. v. Sheridan, 44 F.(2d) 987, 18 C. C. P. A. ——.

The decision is reversed.
Reversed.