### REVERE SUGAR REFINERY v. SALVATO.
### Patent Appeal No. 2640.

Court of Customs and Patent Appeals.
March 31, 1931.

Harrison F. Lyman, of Boston, Mass., for appellant.

Josiah McRoberts, of Chicago, Ill. (Chas. E. Riordon, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents dismissing the opposition of appellant and holding that appellee was entitled to the registration of a trade-mark, comprising, as its essential features, the word "Revere" appearing immediately above the pictorial representation of a horse and rider (representing Paul Revere on his famous ride), for use on certain meat products, condiments, canned and fresh vegetables, canned, fresh, and preserved fruits, canned fish, food flavoring extracts, canned soups, syrups, flour, tea, and other grocery goods.

In his application for registration filed November 28, 1924, appellee alleged that he had used the trade-mark since March 10, 1922.

In its notice of opposition, appellant alleged that it was the owner of a trade-mark, comprising the word "Revere" appearing immediately above a pictorial representation of a man riding on horseback, for use on sugar; that it had used the mark since long prior to the first use by appellee of his alleged trade-mark; that the goods of the parties possessed the same descriptive properties; that the trade-marks were confusingly similar; and that appellant would be damaged by the registration to appellee of his alleged trade-mark. Appellant also pleaded registration No. 102,174, issued January 26, 1915, of its trade-mark for use on sugar.

It appears from an agreed statement of facts submitted by the parties that appellant and its predecessors used the word "Revere" as a trade-name on its goods from 1873 to April, 1912; that since 1912 appellant has used its registered trade-mark on six different types of sugar; that its sugar is sold in grocery and other stores in cardboard containers, and also in five, ten, and twenty-five pound sacks; that it has expended large sums of money in advertising its goods under its trade-mark; that, since 1922 its sales have exceeded $21,000,000 annually; that its goods are well known to the public throughout the United States as "Revere sugar"; that appellee is in the wholesale grocery business at Chicago, Ill., under the name "Revere Wholesale Grocery Company," and has used the involved trade-mark on some of the articles enumerated in the application for registration since March 10, 1923, and on the other enumerated articles since October 18, 1927; that the name "Revere" is, and for longer than a century has been, a "surname or proper name" in the United States; that

there are cities and villages in the United States by that name; that several corporations have the name "Revere" as a part of their corporate name; and that the involved trade-mark has been registered by many others for use on a variety of products, including wheat flour.

The Examiner of Interferences held that, with the exception of maple syrup and cane syrup, the goods of the respective parties did not possess the same descriptive properties; that appellant had used its trade-mark since long prior to any use by appellee of his trade-mark; and that, although the marks so closely resemble each other as to be likely to cause confusion in the trade, appellee was entitled to register his mark on all articles named in the application for registration, except maple syrup and cane syrup.

The Commissioner of Patents held that appellant had used its trade-mark since long prior to its use by appellee; that appellant's trade-mark was a valuable asset in its business; that the marks were substantially the same; that, with the exception of maple syrup, cane syrup, candies, sugared ginger, sugared kumquats, sugared dates, candied orange peel, candied lemon peel, and candied citron, the goods of the parties did not possess the same descriptive properties; and that therefore appellee was entitled to the registration of its mark for use on all other products set out in his application for registration.

It is claimed by appellant that the goods of the parties possess the same descriptive properties, that the marks are confusingly similar, and that it will be damaged by the registration of the involved trade-mark to appellee.

It is contended by counsel for appellee that the goods of the parties do not possess the same descriptive properties, that appellant is not the originator of its trade-mark and therefore is entitled to limited protection only, and that appellee is entitled to have his mark registered.

The validity of appellant's trade-mark registration is not before us, and will not be considered by this court in a proceeding of this character. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A.

842; American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 17 C. C. P. A. 906; National Biscuit Company v. Joseph W. Sheridan, 44 F.(2d) 987, 18 C. C. P. A. ——; Decker & Cohn, Inc., v. S. Liebovitz & Sons, Inc., 46 F.(2d) 179, 18 C. C. P. A. ——; Celanese Corporation of America v. Vanity Fair Silk Mills, 47 F.(2d) 373, 18 C. C. P. A. ——.

Appellee is in the wholesale grocery business, and the food products on which he uses his alleged trade-mark are sold in the same stores as the goods of appellant. The trade-marks are almost identical. It would seem to us, therefore, that, if appellee is permitted to use his alleged trade-mark on his goods concurrently with the use by appellant of its trade-mark on its goods, confusion as to the origin of the goods of the respective parties would likely result. Accordingly, we are of opinion that the goods of the parties possess the same descriptive properties within the principles heretofore announced by this court. California Packing Corporation v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; B. F. Goodrich Co. v. Hockmeyer (Zip-on Co., Substituted) 40 F.(2d) 99, 17 C. C. P. A. 1068; Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.(2d) 116, 17 C. C. P. A. 1034; Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 17 C. C. P. A. 1103; Cluett, Peabody & Co., Inc., v. Hartogensis (Arrow Emblem Co., Inc., Substituted), 41 F.(2d) 94, 17 C. C. P. A. 1166; Kotex Company v. Clarence M. McArthur, 45 F.(2d) 256, 18 C. C. P. A. ——.

It appears from the record that appellant has used its trade-mark since long prior to the adoption and use by appellee of his alleged trade-mark; that the goods of the parties possess the same descriptive properties; that the marks are confusingly similar; and that appellant would be damaged by the registration of appellee's alleged trade-mark.

Accordingly, the decision of the Commissioner of Patents is reversed.

Reversed.

GARRETT, Associate Judge, concurs in the conclusion.