24 C.C.P.A.(Patents)

## MEREDITH PUB. CO. v. O. M. SCOTT & SONS CO.

### Patent Appeals No. 3683.

Court of Customs and Patent Appeals.
March 1, 1937.

W. P. Bair and Will Freeman, both of Des Moines, Iowa (Paul Finckel, of Washington, D. C., of counsel), for appellant.

Lester L. Sargent, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee, O. M. Scott & Sons Company, filed an application in the · United States Patent Office for the registration of the trade-mark, "Better Homes," used in connection with the sale of lawn grass seeds. The appellant, Meredith Publishing Company, filed notice of opposition, alleging as grounds therefor that it was the publisher of a monthly magazine, "Better Homes and Gardens," and had been since long prior to the use of said mark by the applicant. The ordinary statements were made in the notice of opposition as to confusion and the like. The opposer took testimony. This testimony shows, in a general way, that the magazine was well known, had an extensive circulation and a good reputation, and was quite often referred to by the public as "Better Homes." It appeared also that on one occasion, in May, 1933, a letter had been received in the office of the Meredith Publishing Company, complaining about the quality of certain "Better Homes" lawn seed thought to be produced by the appellant. This, it is argued by the appellant, is proof of actual confusion in the mind of the public, as to the origin of appellee's product.

The Examiner of Interferences dismissed the opposition, and the matter was appealed to the Commissioner of Patents. The commissioner was of opinion that actual confusion had taken place, basing this conclusion upon the one letter which has been heretofore mentioned. The commissioner was also of the opinion, as expressed at some length in his decision, that the case of the California Packing Corporation v. Tillman & Bendel, Inc., 40 F.

(2d) 108, 111, 17 C.C.P.A.(Patents) 1048, laid down the rule that if confusion existed, the goods were of the same descriptive properties. He also called attention to a line of cases in this court, beginning with Check-Neal Coffee Company et al. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 107, 17 C. C.P.A.(Patents) 1103, which the commissioner thought were not in harmony with the California Packing Corporation v. Tillman & Bendel, Inc. Case, supra. The commissioner was further of the opinion that the goods in the case at bar were not of the same descriptive properties, "because I know of no reasonable general definition that includes both grass seed and periodicals." Thereupon the commissioner held that the goods were not of the same descriptive properties, and affirmed the decision of the Examiner of Trade-mark Interferences, allowing the registration. The matter now comes to us on appeal.

Shortly after the jurisdiction over appeals from the United States Patent Office was transferred from the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia) to this court, the provisions of the Trade-mark Registration Act of February 20, 1905, as amended, were brought to our attention. Especially was the meaning of the first proviso of section 5 of that act (15 U.S.C.A. § 85) a matter of earnest consideration. The proviso is as follows:

"Provided, That trade-marks which are identical with a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

The courts of the country had written many decisions relative to this proviso and its meaning, and there was still much apparent conflict as to the exact construction to be given to the words of the proviso. This court was of the opinion, after much thought, that the words "of the same descriptive properties" ought not to be given too strict a construction and be confined to the "ordinary and colloquial meaning" of the words, but that a more flexible and liberal meaning should be given to the words, so that, in so far as was possible, confusion in the mind of the public might be avoided.

The first case in which the court gave expression to its general views on the matter is California Packing Corporation v. Tillman & Bendel, Inc., supra. In that case, registration was sought for the mark "Del Monte" upon coffee. The registration was opposed by a company which was using the same mark upon canned, dried, and preserved fruits, vegetables, sardines, pickles, and the like. It was contended that the goods were not of the same descriptive properties. This court went into a general discussion of the whole subject-matter, called attention to the fact that there had been confusion and differences of opinion expressed by the courts as to the meaning of the words, "of the same descriptive properties," and expressed the majority views of the court that the primary idea of the act was to prevent confusion. In doing so, we refused to follow closely the "ordinary and colloquial meaning" of the term, but said, among other things:

"Therefore, the right to register depends upon the distinguishing dissimilarity between the goods or the marks. The same degree of difference in the marks or goods or both must exist so as to distinguish the goods of the owner as is required to prevent the probability of 'confusion or mistake in the mind of the public,' etc. This distinguishing difference or indistinguishable similarity may rest not only in the 'essential characteristics' of the goods themselves with reference to their form, composition, texture, and quality, but may rest in the use to which they are put, the manner in which they are advertised, displayed, and sold, and probably other considerations. The question as to whether confusion and failure to distinguish will result may also depend largely upon the class of purchasers, or persons concerned."

Again we said, in summing up:

"The goods being of the same descriptive properties, so that the registration of the proposed trade-mark will lead to confusion, the statute requires that registration be denied, irrespective of other legal rights between the parties."

On the same date that the California Packing Corporation v. Tillman & Bendel, Inc. Case, supra, was decided, this court decided the case of B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 103, 17 C.C.P.A.(Patents) 1068. We further developed our views as to the pro-

viso in question. In the last-named case, the appellant had used the name "Zipper" as a trade-mark for boots and overshoes made of rubber and fabric, and was seeking to cancel a' registration to the appellee of the trade-mark "Zip-On" for use on leggings, knickerbockers, rompers, and the like. The tribunals of the Patent Office held that the goods of the respective parties were not of the same descriptive properties, and this court was called upon to review that finding. In so doing, the court held that the language, "goods of the same class," contained in said section 5, should be construed as having the same meaning and application as the words "merchandise of the same descriptive properties" found in the proviso. Such a construction the court felt was necessary in order to give the statute the effect which it evidently was desired to accomplish, namely, to prevent confusion. In connection with our discussion of this matter, we said this:

" * * * And, that, keeping in mind the principles of equity as applied to the law of trade-marks, the words 'same class' and 'same descriptive properties' were intended to be given a limited or an extended meaning and application, according to whether or not the use of identical or similar trade-marks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. And, of course, in this connection, the use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold should be considered."

Finally we held that the goods were of the same general class and "that they possess the same descriptive properties."

It is true that in both the preceding cases, there were expressions which, taken by themselves, and without regard to the context and the general purport of the opinions, might have indicated that the existence of confusion was the test by which we should determine whether the goods were of the same descriptive properties. However, the cases should not be so read. When we consider the degree of similarity of the trade-marks and goods involved in those cases, the state of the facts and the general conclusions arrived at by the court, it will be seen that the court was endeavoring to give to the words "same descriptive properties" a reasonable application and meaning, in order to effectuate the purposes of the registration act, and did not have in mind the virtual elimination of the words from the statute.

Many cases have been passed upon by this court since the last two cases above cited, and from these cases, we may readily deduce the meaning which this court has applied to the statutory words, "merchandise of the same descriptive properties."

On the same day that the last two cases were decided, this court handed down the decision in Cheek-Neal Coffee Company et al. v. Hal Dick Mfg. Co., supra. In that case the applicant was attempting to register a mark comprising a composite picture including a representation of a hotel, the words "Maxwell House," and other words arranged in a distinctive way, used as a trade-mark upon horse-radish, olive spread, and similar relishes. The opposer relied upon prior use of a trade-mark practically identical with the preceding mark used upon coffee and tea. The question for this court to determine was whether the goods were of the same descriptive properties. We held that the goods were of the same descriptive properties, saying, in part: "We may take judicial notice of the fact that the goods of both parties are commonly known as groceries, sold in the same stores and to the same class of purchasers." Being of the opinion that the goods possessed the same descriptive properties, on the authority of B. F. Goodrich Co. v. Clive E. Hockmeyer et al., supra, we held that the notice of opposition was erroneously dismissed.

Again, in Annie M. Malone v. Morris Max Horowitz, 41 F.(2d) 414, 17 C.C.P.A. (Patents) 1252, the word "Molo" was used on goods used for mouth wash, breath purifier, etc. The mark of the opposer was "Poro," used on body deodorants, cold creams, and the like. We held that the goods were of the same descriptive properties, and said, in part:

"That the goods are not identical is at once apparent, but they have common characteristics which, in our judgment, brings them into the same class. While the goods of appellant are not sold in stores as are the goods of appellee, this fact can make no difference in our consideration of the case, since appellant could at any time change her trade practice in this regard. We think there are such attributes of similarity in the inherent characteristics of the goods, and such similarity in their use and in the manner in which such goods are ordinarily sold and handled, as to bring them within the term

'merchandise of the same descriptive properties.' "

In California Canneries Co. v. Bear Glacé Co., 44 F.(2d) 866, 868, 18 C.C.P.A. (Patents) 732, the trade-mark in question was the word "Bear" used for glacé fruit, and "Bear Brand" with the representation of a bear, on canned fruits and canned vegetables. We held that the goods were handled to a limited extent by the same kind of dealers; that the basic materials of the products were the same, and treated the same; that the goods were sold in the same markets and in some instances by the same dealers, and were manufactured in the same section of the country, and concluded:

"We are of opinion that the respective fruit products are so nearly similar as that, under the foregoing authorities, they fall within the language of the statute, 'of the same descriptive properties,' and that confusion in trade would likely result from applying trade-marks to them which are substantially identical."

In Rotex Surgical Appliance Co. v. Kotex Co., 44 F.(2d) 879, 18 C.C.P.A.(Patents) 746, women's antiseptic powder was held to be goods of the same descriptive properties as sanitary napkins made of cellutextile material with which was incorporated an antiseptic powder. In so holding, we took into account the class of people to whom such goods were sold, in ascertaining whether the goods were of the same descriptive properties.

In Decker & Cohn, Inc., v. Liebovitz Sons, Inc., 46 F.(2d) 179, 18 C.C.P.A. (Patents) 781, the mark "Society" for use on certain articles of clothing, namely, dress shirts, negligee shirts, blouses, etc., was involved with the mark "Society" used on various articles of clothing, including men's knickerbockers, coats, overcoats, etc. We held that the goods were of the same descriptive properties "within the principles heretofore announced by this court," quoting California Packing Corporation v. Tillman & Bendel, Inc., supra, and other cases.

In Roy Cross v. Williams Oil-O-Matic Heating Corporation, 48 F.(2d) 659, 660, 18 C.C.P.A.(Patents) 1192, in holding that certain marks were not confusingly similar, we said, in part, that however closely the marks might simulate each other, "There must be the additional feature that the goods to which the marks are applied are of the same descriptive properties so

that confusion would likely result when the marks are applied."

In C. E. Langfield v. Solvit-All Corporation, 49 F.(2d) 480, 481, 18 C.C.P.A. (Patents) 1313, the mark "Solvit-All," for use on sanitary solvents for cleaning, disinfecting, and deodorizing toilet bowls and similar articles, was denied registration on the opposition of the appellant, who used the mark "Solvite" on a cleaning preparation used for cleaning garments, etc., the court saying, in part:

"It is true that the goods of the parties do not possess, entirely, the same essential characteristics. Nevertheless the purposes for which they are used are of the same general nature, and are closely associated and related. They are both used for cleaning purposes by the general public, are sold in the same stores, and, although a purchaser would not confuse the two products, confusion as to their origin would probably result should the parties use their trade-marks concurrently.

"We are of opinion, therefore, that the goods are of the same general class and possess the same descriptive properties within the principles heretofore announced by this court."

In Williams Oil-O-Matic Heating Corporation v. Westinghouse Electric & Mfg. Co., 62 F.(2d) 378, 379, 20 C.C.P.A. (Patents) 775, the appellee was attempting to register the trade-mark "Adjust-O-Matic," for use on adjustable and thermostatically controlled electric sad-irons. The Williams Company alleged ownership of the trade-marks "Oil-O-Matic" and "Dist-O-Matic" for use on electrically operated and thermostatically controlled liquid-fuel-burning devices, and "Ice-O-Matic" used on refrigerators, and objected to the registration. In passing upon the issue, a majority of the court held that the goods were not of the same descriptive properties, saying, in part, the following:

"The language 'same descriptive properties,' contained in the first proviso of section 5 of the Trade-Mark Act of February 20, 1905 (15 U.S.C.A. § 85), was intended by the Congress to relate to goods of the same general class, and was used synonymously with the term 'class,' used in the first part of that section. The words 'same class' and 'same descriptive properties' should be given 'a limited or an extended meaning and application, according to whether or not the use of identical

or similar trade-marks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers,' and, in that connection, 'the use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold should be considered.' B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 17 C.C.P.A.[Patents] 1068; Decker & Cohn, Inc., v. Liebovitz Sons, Inc., 46 F. (2d) 179, 18 C.C.P.A.[Patents] 781; California Packing Corporation v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A. [Patents] 1048."

In Vick Chemical Co. v. Central City Chemical Co., 75 F.(2d) 517, 22 C.C.P.A. (Patents) 996, the question arose whether the mark "LIX," applied to insecticides, so nearly resembled the mark "Vick's," applied to medicated salve, nose and throat drops, etc., as to be likely to cause confusion and mistakes in the mind of the public, or to deceive purchasers. We called attention to the fact that in a large number of cases this court had followed a liberal construction of section 5 of the Trademark Act of 1905, as amended, and had considered the uses to which the products were put, the places where it was sold, and similar points in attempting to ascertain whether the goods should be considered as of the same descriptive properties. We held that the goods in that case were of the same descriptive properties.

In Elgin American Manufacturing Co. v. Elizabeth Arden, Inc., 83 F.(2d) 681, 685, 23 C.C.P.A.(Patents) 1153, bath salts and similar toilet articles were held to be goods of the same descriptive properties as lockets, cigarette cases, vanity cases, and the like. The court said, in part:

"It is our view that the goods are of the same descriptive properties, although there is a difference in them, and that the marks, although slightly different, bear sufficient similarity to each other, that confusion would result from their concurrent use on the goods of the respective parties."

Finally, in Three In One Oil Company v. St. Louis Rubber Cement Co., Inc., 87 F.(2d) 479, decided January 25, 1937, we had under consideration the mark "3 In 1" for use upon lubricating oil and upon a combination adhesive cement. We held that the goods were of the same descriptive properties. In so doing, we took into consideration the fact that the goods were likely to be sold in the same places, and to the same class of customers, and that the goods were of such a character and class, and so similar that they should be considered of the same descriptive properties.

A consideration of this line of cases, together with many others which might be cited, shows plainly the trend of authority so far as this court is concerned. It has never announced or intended to announce that it considered the words "the same descriptive properties" should be eliminated from the law. On the contrary, it has in all of these cases reiterated that the primary consideration was to ascertain whether the goods were or were not of the same descriptive properties. In this ascertainment, the rule has been liberalized so that all factors may be considered in ascertaining this fact.

With these authorities and suggestions in mind, we may consider the marks here involved. The appellee sought the registration of its trade-mark "Better Homes" for use on lawn grass seed, and was opposed by the publisher of a magazine known as "Better Homes and Gardens," which magazine was devoted to improvements in homemaking, including gardens and lawns. The question is, Were the magazine and the lawn grass seed goods of the same class, and so of the same descriptive properties, within the rule hereinbefore stated? There is no proof that they were sold in the same places or to the same class of people, although it is obvious that subscribers to the magazine may have bought this grade of lawn seed. One was a periodical and magazine, the other was seed. These articles had no similarity of use, appearance, or general character. It is true that the record shows one instance where the publishers of the periodical had received a letter about grass seed, but, in our view of the matter, the goods were not at all of the same descriptive properties, and such confusion as was shown was not a sufficient circumstance to bring the mind to any such conclusion. All factors must be considered, and, after this has been done, we are satisfied that it has not been established that the goods are of the same descriptive properties within the meaning of either the statute or the adjudicated cases.

While we are not in harmony with everything that is said in the decision of the commissioner, in our opinion he has reached the right conclusion, and the decision of the Commissioner of Patents is affirmed.

Affirmed.