# WATERBURY CHEMICAL COMPANY *v.* REED & CARNRICK.

TRADEMARKS; SIMILARITY; CONFUSION; OPINION EVIDENCE.

1. The word "Pinozyme" is not sufficiently similar to "Peptenzyme" to warrant denying the registration of the former as a trademark, in the absence of evidence of actual confusion, although the goods to which both marks are applied are similar. (Following *Landespriv v. Hall*, 36 App. D. C. 532, and *Hall v. Ingram*, 28 App. D. C. 454, and distinguishing *Re Wilcox*, 36 App. D. C. 107.)

2. Opinion testimony as to whether words are so similar as would tend to confusion in trade, if applied as trademarks to the same class of goods, is of no great assistance in determining the question; but the effect of the marks upon the mind of the tribunal having to determine the question is the controlling factor.

No. 865. Patent Appeals. Submitted November 13, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.            *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the Commissioner of Patents in a trademark opposition in which Reed & Carnrick, appellees, seek to prevent the Waterbury Chemical Company, appellant, from registering the word "Pinozyme" as a trademark for certain medicinal preparations.

Appellees allege in their notice of opposition, in substance,

that the mark sought to be registered so nearly resembles their mark "Peptenzyme" as to cause confusion in trade. The Examiner of Interferences and the Commissioner sustained the opposition, from which ruling this appeal was taken. It is agreed that the goods to which the marks are applied are similar, and that appellees used their mark long prior to the adoption and use of its mark by appellant. The sole question, therefore, presented by the appeal, is whether the words "Peptenzyme" and "Pinozyme" are so similar, within the meaning of the trademark law, as to tend to create confusion in trade.

*Mr. Wallace R. Lane* and *Mr. George Mankle* for the appellant.

*Mr. Alfred W. Kiddle* and *Mr. Wylie C. Margeson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is somewhat difficult to determine just what degree of similarity between two marks is sufficient to bring them within the inhibition of the law. But in this case, in the absence of any evidence showing actual confusion, we think there is not such a general similarity between the marks as to cause the average purchaser of the goods to confuse one for the other. The Examiner cited, as decisive of this case, certain cases where the following marks were held to be confusing: "Purock" and "Pureoxia," *Ex parte Charles E. Hires Co.* 180 Off. Gaz. 879; "Carbolineum" and "Creo-Carbolin," *Re Barrett Mfg. Co.* 167 Off. Gaz. 513; "Autola" and "Au-to-do," *Re Wilcox,* 36 App. D. C. 107; and "Momaja" and "Mojava," *American Grocery Co. v. Sloan,* 68 Fed. 539. We think the marks in issue, where the only similarity consists in the single syllable "zyme," come within the ruling in *Landespriv v. Hall,* 36. App. D. C. 532, where the word "Kalodont" was held not to be likely to be confused with "Sozodont;" and in the application of *Ex parte The Laxakola Co.* 100 Off. Gaz. 451, where it was held that

"Dermacura" was not in conflict with "Dermakola;" and in *Hall* v. *Ingram*, 28 App. D. C. 454, where "Sozodont" was held not to be in conflict with "Zodenta." True, we have the testimony of witnesses on behalf of appellees to the effect that in their opinion the use of the marks would create confusion, but this is counterbalanced by the witnesses for appellant, who testified to the contrary. We agree with the statement of the Assistant Commissioner that "such testimony is not of great assistance in determining the question whether there is such similarity as to justify a refusal to register under the statute; the effect of the marks upon the mind of the tribunal having to consider the question must be the controlling factor." Applying this test, we are impelled to the conclusion that the marks are not so similar as to be likely to create confusion in trade.

It appears in the opinion of the Assistant Commissioner that there is a registered trademark issued upon goods similar to those on which the marks in question are used consisting of the word "Panzyme." While we are only concerned with the marks in opposition, it may be suggested that it is still within the power of the Commissioner to inquire into the similarity between this mark and the mark of appellant. The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.

*Reversed.*