## DURO PUMP & MFG. CO. v. THOMAS MADDOCK'S SONS CO.

Court of Customs and Patent Appeals.
January 27, 1930.

Patent Appeal No. 2183.

H. A. Toulmin and H. A. Toulmin, Jr., both of Washington, D. C., for appellant.

T. A. Hostetler and Charles J. O'Neill, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Judge. This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the opposition and holding that the applicant was entitled to have its trade-mark registered.

Appellee's application was filed on December 19, 1925, for the registration of its trade-mark "Durock" for use on "lavatories, drinking fountains, bidets, water closets, water-closet tanks, robe hangers, towel holders, toilet-paper holders, shower heads, brackets, shelves, glass holders, sponge holders, comb and brush holders, soap holders, tooth brush holders, grab rails, bolt caps and flush pipe housings, in Class 13, Hardware and plumbing and steam fitting supplies." Appellee has used the mark in question since December 1, 1925.

Appellant has used its trade-mark "Duro" since 1916 on "pneumatic water systems, electric motors, electric switches, pneumatic tanks, water filters and water softeners." Since the filing of the notice of opposition, and due to the fact that it had been known and frequently referred to as the Duro Company, appellant had its name changed to "The Duro Company." It has extensively advertised its products under its trade-mark, and its salesmen have frequently been called by the name "Duro."

Considerable evidence has been submitted by appellant for the purpose of establishing that the use by appellee of the mark "Durock" on the merchandise manufactured and sold by it would cause confusion in the "mind of the public" and deceive purchasers. Officers and employees of appellant testified to certain incidents which they declared indicated that confusion had already occurred. We quote from the testimony of the witness, Shaffer, distributor and salesman for appellant: "Again in the shop of the Pontiac Plumbing & Heating of Pontiac, Michigan, Mr. Mason, one of the partners, was confused by this Durock advertising, and asked when The Duro Company had started manufacturing enameled ware, which was being advertised by The Maddock's Sons Company under the name 'Durock.' * * * In most of these instances of confusion the *dealers wanted to know whether there was any connection between the two companies.* (Italics ours.)"

The quoted testimony is typical of the evidence in this regard.

No evidence was introduced by appellee. However, in its answer to the notice of opposition, attention was called to the fact that appellant was not the originator of the trade-mark "Duro," as evidenced by many registrations of that word by others, prior to its adoption and use by appellant, for use on "plumbers' supplies," "electrical apparatus and supplies," "metal trimmings for plumbers' supplies," "blow-off valves," and various other products.

In affirming the decision of the Examiner of Interferences, the Commissioner of Patents, among other things, said:

"It is apparent opposer did not originate the mark, Duro, nor was it the first to use it on this general class of water supplying apparatus, including the valves, fittings, electric motors, switches, etc. It must be held this long prior use by two separate companies of this mark Duro upon goods, some of which are identical with some of those of opposer, narrows the rights of the opposer and it is not entitled to exclude others from the broad or general class of water supplying apparatus, but only from the more specific class upon which it actually uses its mark.

"The applicant company uses its mark upon specifically different goods. The marks are not identical but differ to a considerable

degree in appearance, sound and significance. While both marks are somewhat suggestive of durability, the applicant's mark is thought suggestive of rock-like durability."

Counsel for appellant contends that the mark, "Durock," sought to be registered by appellee, is in "substance and reality" the mark "Duro"; that the goods of the respective parties possess the same descriptive properties; that the use by appellee of the trade-mark "Durock" on its bathroom and other fixtures will cause "confusion or mistake in the mind of the public" and deceive purchasers; and that appellant will be greatly damaged. Counsel insists that the right of appellant to the exclusive use of the mark "Duro" has been affirmatively declared by the courts, and the following cases are cited as authority for this contention: Duro Pump & Mfg. Co. v. California Cedar Products Co., 11 F.(2d) 205, 206, 56 App. D. C. 156; Duro Co. v. Duro Co. (D. C.) 27 F.(2d) 336.

In the case of Duro Pump & Mfg. Co. v. California Cedar Products Co., supra, the Court of Appeals of the District of Columbia had under consideration the right of the applicant, the California Cedar Products Company, to the registration of the trade-mark "Duro," for use on "wall board." The court quoted at length from the decision of the Supreme Court in the case of American Steel Foundries v. Robertson, Commissioner et al., 269 U. S. 372, 46 S. Ct. 160, 70 L. Ed. 317, in which case the right of a company to appropriate as a trade-mark, all, or a portion only, of the corporate name of another company, was considered and decided. The Supreme Court said in part:

"Where the appropriation of the corporate name is complete, the rule of the statute, by its own terms is absolute, and the proposed mark must be denied registration, without more; but, where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs.

"The fact, for example, that the articles upon which the mark is used are not of the same description as those put out by the corporation, is entitled to weight, since the probability of such confusion and injury in that situation obviously is more remote than where the articles are of like kind. The cases, naturally, present varying degrees of difficulty for the application of the rule."

After quoting the above language from the decision of the Supreme Court, the Court of Appeals, resting its decision upon the record before it, said that the word "Duro" had become so "identified with the particular corporation [The Duro Company] that, whenever used, it designated to the mind 'that particular corporation,'" and, although the goods of the respective parties were dissimilar, it was held that appellee was not entitled to have the word "Duro" registered as its trade-mark.

In concluding its opinion, however, the court said: "Appellee's counsel refers in his brief to certain alleged registrations in the Patent Office not mentioned in the record. Obviously, this attempt to supplement the record cannot avail here, where the case must be decided upon the record made below. What effect, if any, these alleged registrations would have had upon our decision, had they been of record, we need not and do not determine."

This statement is not without significance, when the facts before us are considered. It appears that the word "Duro" has been registered as a trade-mark by many different parties upon various kinds of merchandise, including "electrical apparatus and supplies," "plumbers' supplies," and other somewhat similar articles sold by plumbers. It is obvious that appellant is not the originator of the trade-mark "Duro." Much more might be said, but, due to the views we hold of the issues, we refrain from further discussion of this particular subject.

The trade-marks of the parties are not the same. The one is "Duro," the other is "Durock." Obviously, then, unless the word "Durock" is likely to be confused with the word "Duro," this case is clearly distinguishable from the case of The Duro Pump & Mfg. Co. v. California Cedar Products Co., and the case of Duro Co. v. Duro Co., supra, relied upon by appellant.

It is true, as argued by counsel for appellant, that the word "Durock" is formed by adding the letters "ck" to the word "Duro." Frequently, such a slight addition to, or a modification of, a trade-mark is insufficient to properly distinguish the new mark from the old, and, when this is so, and the goods on which the two marks are used are so similar as to make confusion in the trade likely, registration of the modified word as a trade-mark will be denied. It does not necessarily follow, however, that a slight modification of a trade-mark will cause a correspondingly slight effect or result. Accordingly, in trade-mark proceedings, as in other cases, the is-

sues must be determined in accordance with the facts and circumstances of the particular case before the court.

The trade-marks, "Duro" and "Durock," are different in appearance and in sound. Furthermore, the merchandise upon which the mark "Durock" is used by appellee is more than technically different from that upon which the mark "Duro" is used by appellant. To be sure, the goods of the respective parties may be sold and installed by the same plumbers, and they may be used in the same building. These facts should be considered, and we have not overlooked them. However, taking into consideration the differences in the marks and the dissimilarity of the goods on which the respective marks are used, we are of opinion that the use of the mark "Durock" will not be likely to cause confusion or mistake in the mind of the public, and that appellee is entitled to have its mark registered.

For the reasons stated, the decision is affirmed.

Affirmed.