### KOTEX CO. v. McARTHUR.
Patent Appeal No. 2527.

Court of Customs and Patent Appeals.
Dec. 19, 1930.

Fisher, Clapp, Soans & Pond, of Chicago, Ill., Thomas L. Mead, Jr., of Washington, D. C. (Browne & Phelps, of Washington, D. C., of counsel), for appellant.

Barthel & Barthel, of Detroit, Mich. (Theodore K. Bryant, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal, in a trade-mark opposition proceeding, from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the opposition of appellant and adjudging appellee entitled to the registration of the trade-mark "Rotex" for use on vaginal syringes.

Appellant's trade-mark consists of the word "Kotex." It was registered on September 21, 1920, and has been continuously and extensively used by appellant and its predecessor since the year 1919, as a trade-mark on catamenial bandages—sanitary napkins.

It appears from the record that appellant has expended large sums of money in advertising its trade-mark, and that its goods are used extensively by women throughout the United States.

Appellee has used its trade-mark "Rotex" on vaginal syringes since September 10, 1927.

The depositions of several witnesses were submitted to the tribunals below on behalf of appellant. It appears therefrom that the goods of the contending parties are sold in the same stores; are put up in similar packages; and are used by women for hygienic purposes. Several of the witnesses for appellant were women who testified that, as the goods of the parties were articles of women's hygiene and as the marks closely resemble one another, they were of opinion that purchasers would assume that the goods on which the two marks were used had a common origin.

Appellee offered no evidence.

Upon this record, each of the tribunals below held that the goods of the parties did not possess the same descriptive properties, and that, due to the dissimilarity of the goods, together with the fact that the marks were not identical, the use by appellee of the mark "Rotex" on vaginal syringes would not cause confusion and mistake in the mind of the public or deceive purchasers, and that appellee was entitled to have its trade-mark registered.

It is contended by counsel for appellant that the goods of the contending parties are related articles of commerce; that they are sold in the same stores; that they are advertised side by side in papers and periodicals; that they are concurrently and conjointly used; that they are goods of the same de-

scriptive properties; that the mark "Rotex" is confusingly similar to appellant's mark "Kotex"; and that the use by appellee of the mark "Rotex" would cause confusion and mistake in the mind of the public as to the origin of the goods of the parties.

Counsel for appellee contends, however, that vaginal syringes and catamenial bandages are not related in any manner; that they are not used conjointly; that they do not possess the same essential characteristics; that they are not used for the same purposes; and that they do not possess the same descriptive properties.

It is true that the goods of the contending parties are not made of the same materials, and it may also be true that they do not possess, in the entirety, exactly the same essential characteristics. They may not, strictly speaking, be interrelated, or used conjointly, as argued by counsel for appellee, nevertheless, they are both used by women for hygienic purposes and are closely associated and related, not only in use, but in the minds of those enjoying the comforts and beneficial results produced by them.

The mark of appellee, designedly or otherwise, closely simulates the mark of appellant.

The goods of the parties are put up in similar packages and are sold in the same stores, and, although a purchaser would not mistake the goods of appellant for the goods of appellee, it is not far-fetched or unreasonable to suppose that she would likely be confused as to the origin of the two articles and conclude that they were produced by the same concern. Furthermore, it is well established that, in a close case, doubt should be resolved against the newcomer.

We conclude that the goods of the parties possess the same descriptive properties within the principles announced by this court in the following cases: California Packing Corp. v. Tillman & Bendel, 40 F. (2d) 108; B. F. Goodrich Co. v. Hockmeyer (Zip-On Mfg. Co., Substituted), 40 F.(2d) 99; Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.(2d) 116; Check-Neal Coffee Co. v. Hal Dick Mfg. Co., 40 F.(2d) 106; Cluett, Peabody & Co. Inc. v. Hartogensis (Arrow Emblem Co., Inc., Substituted), 41 F.(2d) 94; that the involved trade-marks are confusingly similar; that the use by appellee of its mark "Rotex" on goods of the same descriptive properties as those on which appellant has long and extensively used its trade-mark "Kotex" would be likely

to cause confusion and mistake in the mind of the public and deceive purchasers; and, that, therefore, appellee is not entitled to have its mark registered.

The decision is reversed.

Reversed.