25 C.C.P.A.(Patents)

## YOUNGHUSBAND v. KURLASH CO., Inc.
### Patent Appeal No. 3915.

Court of Customs and Patent Appeals.
Feb. 7, 1938.

BLAND, Associate Judge, dissenting.

James R. McKnight, of Chicago, Ill., and Paul Finckel, of Washington, D. C., for appellant.

Joseph J. Juhass, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents sustaining an

opposition filed by appellee to prevent the registration, under the Trade-mark Act of February 20, 1905, of appellant's mark "Starlash," applied to eyelash and eyebrow mascara, for which registration he filed application on January 28, 1935.

Appellee on May 1, 1935, filed notice of opposition to the registration of appellant's mark, and alleged therein: Prior use, ownership, and registration of the trade-mark "Kurlash," applied to "eyelash curlers," and the trade-mark "Kurlash Tweezette," for tweezers for removing hair; that the goods to which the respective marks are applied possess the same descriptive properties; that the marks of the respective parties are confusingly similar; and that opposer believed it would be damaged by the registration of appellant's mark.

Appellant answered said notice of opposition and, inter alia, denied that the goods of the parties possess the same descriptive properties, that the marks "Starlash" and "Kurlash" were confusingly similar, and that appellee would be damaged by the registration of appellant's mark.

Both parties took testimony. It appears therefrom that appellee's mark "Kurlash" is applied to an instrument for curling eyelashes, while appellant's mark is applied to mascara, a cosmetic used on eyelashes; it further appears that mascara and eyelash curlers are sold in the same stores and to the same class of people.

The Examiner dismissed the notice of opposition and adjudged that appellant was entitled to the registration of the mark applied for, holding that the marks may be concurrently used upon the goods of the respective parties without reasonable likelihood of confusion.

Upon appeal by the opposer, the Commissioner reversed the decision of the Examiner of Interferences and sustained the opposition of appellee, holding that the marks involved are used upon goods possessing the same descriptive properties and are confusingly similar. From this decision appellant has taken this appeal.

Both parties cite many cases in support of their respective contentions.

The Commissioner held that the marks here involved are not more dissimilar than the marks "Rotex" and "Kotex," which, in the case of Kotex Co. v. McArthur, 45 F. 2d 256, 18 C.C.P.A., Patents, 787, we held to be confusingly similar, applied to goods possessing the same descriptive properties.

Obviously, in cases of the character before us, only general principles of law are applicable, and, after being applied, it is very largely a matter of opinion whether two marks used upon goods of the same descriptive properties are confusingly similar. The Proctor & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A., Patents, 1433.

We have no hesitation in holding that the goods to which the respective marks are applied possess the same descriptive properties, and we do not deem it necessary to cite authorities in support of this holding. At the same time it is proper, in considering the question of confusion, to recognize the differences in the goods. Duro Pump & Mfg. Co. v. Thomas Maddock's Sons Co., 36 F.2d 1005, 17 C.C.P.A., Patents, 785; Fashion Park, Inc., v. The Fair, 49 F.2d 830, 18 C.C.P.A., Patents, 1399.

It is familiar doctrine that, in determining the question of confusing similarity of marks, they must be considered as a whole, but it does not follow that portions of marks which are similar must be given equal weight with portions of marks which are dissimilar. In the case of Yeasties Products, Inc., v. General Mills, Inc., 77 F. 2d 523, 22 C.C.P.A., Patents, 1215, the marks "Yeasties" and "Wheaties" were involved, applied to goods not identical, but nevertheless possessing the same descriptive properties. We there said: "It is evident from the record, and no claim is made to the contrary, that appellee is not the exclusive owner of the suffix 'ies.' Accordingly, if the word 'Yeast,' of appellant's mark, is sufficiently dissimilar with the word 'Wheat,' of appellee's mark, so that, when considered as a whole, the marks are not confusingly similar, appellant is entitled to the registration of its mark."

So in the case at bar the last syllable of each mark is identical. Appellee makes no claim to a monopoly of the word "lash," applied to goods possessing the same descriptive properties as do the goods to which it applies its mark, but does insist that, the marks being considered as a whole, the syllable "lash" is a very important part of both marks.

We believe that purchasers would pay little attention to the last syllable of the marks as bearing upon the origin of the goods, but, seeing the marks as a whole, the mind would fasten upon the syllable

"Kur" in appellee's mark and "Star" in appellant's mark, and the last syllable in each mark would be given little attention other than with respect to its descriptive character.

While it is true that marks should not be dissected in considering the question of confusion, it is also true that similarities and dissimilarities in marks should both be considered.

In our judgment "Kurlash" and "Starlash" are much more dissimilar in sound and appearance than are the marks "Rotex" and "Kotex," the subject of our decision in Kotex Co. v. McArthur, supra, relied upon by the Commissioner.

Considering the fact that appellee's mark is applied to an instrument for curling eyelashes, and appellant's mark is applied to a cosmetic for eyelashes, and considering also the difference in the marks of the parties, we are of the opinion that the concurrent use by the parties of their respective marks would not be likely to cause confusion or mistake in the mind of the public or to deceive purchasers.

It follows from the foregoing that we are of the opinion that the decision of the Examiner of Interferences should have been affirmed, dismissing the notice of opposition, and adjudging that appellant is entitled to the registration applied for.

The decision of the Commissioner of Patents is reversed.

Reversed.

BLAND, Associate Judge, dissents.