25 C.C.P.A. (Patents)

## KELVINATOR CORPORATION v. NORGE CORPORATION.

### Patent Appeal No. 3898.

Court of Customs and Patent Appeals.

Feb. 7, 1938.

Donald B. Waite, of Washington, D. C. (Theodore A. Hostetler and Watts T. Estabrook, both of Washington, D. C., of counsel), for appellant.

L. D. Burch, of Detroit, Mich. (Bacon & Thomas and Charles M. Thomas, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents in a trademark opposition proceeding affirming the decision of the Examiner of Interferences dismissing the opposition of appellant, and holding appellee to be entitled to the registration of its trade-mark "Aerolator," for use on air-conditioning apparatus.

In its application, appellee stated that it had used its trade-mark on its goods since November 17, 1933.

It appears from the record that appellant is the owner of registration No. 142,652, issued May 17, 1921, on an application filed May 28, 1920, of the trademark "Kelvinator" for use on refrigerating apparatus; that, long prior to the adoption and use by appellee of its mark "Aerolator," appellant had used its mark on other goods, such as air-conditioning apparatus, domestic and commercial refrigerators, automatic heating equipment, and other articles; that appellant has advertised its trade-mark and its goods extensively throughout the United States and in foreign countries; and that it has expended large sums of money in such advertising, approximately $6,000,000 in the four-year period ending immediately prior to the taking of the testimony in this case—September, 1935.

The goods of the parties possess the same descriptive properties.

The sole issue in the case is whether the marks "Kelvinator" and "Aerolator" are so similar that, when used on the goods of the respective parties, confusion in the mind of the public is likely to result.

Counsel for appellant argue that the marks of the respective parties end in the suffix "ator," and that the prefix "Aerol" of appellee's mark is not sufficiently dissimilar from the prefix "Kelvin" of appellant's mark to prevent the marks as a whole from being confusingly similar when used on goods of the same descriptive properties.

It is not urged that the suffix "ator" is the dominant feature of either of the marks, and it obviously is not.

The suffix "ator" is very common. It appears as a part of the names of various mechanical contrivances, such as refrigerator, percolator, dehydrator, fumigator, aerator, circulator, evaporator, desiccator, and gyrator, as well as a part of other commonly used words, such as arbitrator, orator, mediator, etc.

If we may again indulge in a dissection of the marks, solely for the purpose of the discussion, we think it fair to say that the prefixes "Kelvin" and "Aerol" are quite dissimilar. When correctly pronounced, appellee's trade-mark is "Ā'ērō-lator."

The goods of the parties are comparatively expensive, and, as stated in the case of International Silver Co. v. American Silver Co., 37 F.2d 622, 623, 17 C.C.P.A., Patents, 871, are purchased with a "considerable degree of care and discrimination upon the part of the purchaser. * * They are not a matter of every day purchase upon the part of an individual, like food products or other products that require frequent replacement."

Considering the marks in their entirety, the character of the goods of the parties and the degree of care and discrimination exercised by the purchasers of them, we are of opinion that their concurrent use by the parties on their respective goods would not be likely to cause confusion or mistake in the mind of the public, and that appellee is entitled to the registration of its mark.

The decision is affirmed.

Affirmed.