## SIMMONS CO. v. CANTOR et al. (YAHR et al., Intervener).

### No. 2504.

District Court, W. D. Pennsylvania.

Nov. 20, 1944.

by defendants of plaintiff's trade-mark "White Knight" used in connection with the sale of mattresses, bed springs and box springs. Defendants denied that the alleged trade-mark of plaintiff was valid. They also averred that they had a valid trade-mark for the same kind of goods substantially the same as plaintiff's, and sought relief for infringement thereof. The facts are fully set forth in the foregoing findings of fact.

The first question that arises is: Does plaintiff now have, and has it had, a valid and exclusive trade-mark designated as "White Knight" in connection with the sale of mattresses, box springs and bed springs, since a time prior to 1938 in the trading territory of the defendants? In Columbia Mill Company v. Alcorn, 150 U.S. 460, 463, 14 S.Ct. 151, 152, 37 L.Ed. 1144, it is stated:

" * * * The general principles of law applicable to trade-marks, and the conditions under which a party may establish an exclusive right to the use of a name or symbol, are well settled by the decisions of this court in the following cases: Canal Co. v. Clark, 13 Wall. 311 [20 L.Ed. 581]; McLean v. Fleming, 96 U.S. 245 [24 L.Ed. 828]; Manufacturing Co. v. Trainer, 101 U.S. 51 [25 L.Ed. 993]; Goodyear's Rubber Mfg. Co. v. Goodyear Rubber Co., 128 U.S. 598, 9 S.Ct. 166 [32 L.Ed. 535]; Corbin v. Gould, 133 U.S. 308, 10 S.Ct. 312 [33 L.Ed. 611]; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U.S. 537, 11 S.Ct. 396 [34 L.Ed. 997]; Brown Chemical Co. v. Meyer, 139 U.S. 540, 11 S.Ct. 625 [35 L. Ed. 247].

"These cases establish the following general propositions: (1) That to acquire the right to the exclusive use of a name, device, or symbol as a trade-mark, it must appear that it was adopted for the purpose of identifying the origin or ownership of the article to which it is attached, or that such trade-mark must point distinctively, either by itself or by association, to the origin, manufacture, or ownership of the article on which it is stamped. It must be designed, as its primary object and purpose, to indicate the owner or producer of the commodity, and to distinguish it from like articles manufactured by others. (2) That if the device, mark, or symbol was adopted or placed upon the article for the purpose of identifying its class, grade, style, or quality, or for any purpose other than a reference to or indication of its

Soans, Pond & Anderson, of Chicago, Ill., and Edward A. Lawrence, of Pittsburgh, Pa., for plaintiff.

Green & McCallister, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This is an action for injunctive relief and an accounting for alleged infringement

ownership, it cannot be sustained as a valid trade-mark. (3) That the exclusive right to the use of the mark or device claimed as a trade-mark is founded on priority of appropriation; that is to say, the claimant of the trade-mark must have been the first to use or employ the same on like articles of production. (4) Such trade-mark cannot consist of words in common use as designating locality, section, or region of country."

■ Mattresses, box springs and bed springs are goods of the same class; hence the use by plaintiff of the trade-mark "White Knight" on bed springs was a continuation and extension of its use of the mark in respect of mattresses. See Aunt Jemima Mills Co. v. Rigney & Co., 1917, 2 Cir., 247 F. 407, L.R.A.1918C, 1039, certiorari denied, 245 U.S. 672, 38 S.Ct. 222, 62 L.Ed. 540; Vogue Co. v. Thompson-Hudson Co. et al, 1924, 6 Cir., 300 F. 509, certiorari denied, 273 U.S. 706, 47 S.Ct. 98, 71 L.Ed. 850; Wisconsin Electric Co. v. Dumore Co., 1929, 6 Cir., 35 F.2d 555; Akron-Overland Tire Co. v. Willys-Overland Co., 1921, 3 Cir., 273 F. 674, 676; Wall v. Rolls-Royce of America, Inc., 1925, 3 Cir., 4 F.2d 333; Rosenberg Bros. & Co. v. Elliott, 1925, 3 Cir., 7 F.2d 962; Kotabs, Inc., v. Kotex Co., 1931, 3 Cir., 50 F.2d 810, certiorari denied 284 U.S. 665, 52 S.Ct. 41, 76 L.Ed. 563; Duro Co. v. Duro Co., June 1928, 3 Cir., 27 F.2d 339; Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co., 17 C.C.P.A. (Patents) 1103, 40 F.2d 106; California Packing Corp. v. Tillman & Bendel, Inc., 17 C.C.P.A. (Patents) 1048, 40 F.2d 108; Sun-Maid Raisin Growers v. American Grocer Co., 17 C.C.P.A. (Patents) 1034, 40 F.2d 116; Cluett, Peabody & Co., Inc. v. Hartogensis, 17 C.C.P.A. (Patents) 1166, 41 F.2d 94, 95; Kotex Co. v. McArthur, Dec. 1930, 18 C.C.P.A. (Patents) 787, 45 F.2d 256; Mohawk Carpet Mills, Inc., v. Bissell Carpet Sweeper Co., 58 U.S.P.Q. 30, June, 1943, Commissioner of Patents; Sears, Roebuck and Co. v. Allied Stores Corporation, 56 U.S.P.Q. 274 (January, 1943, Commissioner of Patents).

■ Plaintiff does a nation-wide business in the making and selling of beds, springs, box springs, mattresses, etc. It has carried on said business, and has used the trade-mark "White Knight" in the conduct thereof in Pennsylvania (including Western Pennsylvania), in adjoining states and throughout the United States during 1938, for many years prior thereto and has continued the same from 1938 up to the present time. I, therefore, conclude that since a time prior to 1938 and continuing up to the present time, plaintiff has a valid trade-mark in the notation, "White Knight", in connection with the sale of mattresses, box springs and bed springs in Pennsylvania, in adjoining states, and also, generally, throughout the United States.

Under the facts, as found in this case the two cases relied upon by defendants, Allen & Wheeler Co. v. Hanover Star Milling Co., 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 and United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141, are not pertinent.

■ The next question is whether plaintiff's trade-mark "White Knight" is rendered invalid by the statement in the application that "the trade-mark has been continuously used and applied to said goods in applicant's business since 1914"; or is plaintiff, in equity and conscience, precluded from using the same. No authority has been cited by defendants in support of said contention. There is no evidence that defendants were injured by the alleged misstatement. The common law rights of the plaintiff to said mark are not affected; consequently, it follows that if there was a misstatement, neither in law nor equity does it preclude injunctive relief to the plaintiff.

■ At the oral argument, the question of plaintiff's abandonment of its trade-mark in Pennsylvania and adjoining states was mentioned. Defendants, in their written argument, do not make such contention. Their contention is that plaintiff does not have a valid trade-mark in Pennsylvania and adjoining states, nor has it had the same since at and prior to March, 1938. There is no evidence in this case of any intention by plaintiff to abandon its trade-mark. The burden of proof rests upon defendants to aver abandonment and to make proof that the trade-mark was not used with the intention to · abandon the same. This has not been done.

Let an order for judgment be prepared and submitted in accordance with the foregoing findings of fact, conclusions of law and this opinion.