**SURELINE MFG. CO. v. MARZALL, Commissioner of Patents.**

**Civ. No. 2044–49.**

United States District Court
District of Columbia.

Oct. 10, 1951.

Lloyd C. Root, of Spencer, Johnston, Cook & Root, Chicago, Ill., and John W. Nairn, of Washington, D. C., for plaintiff.

Samuel W. Cochran, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The plaintiff seeks to compel the Commissioner of Patents to register the trademark "Sureline", which the plaintiff uses in connection with certain automobile ignition parts. The registration was asked for under the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1051 et seq., which was still in existence when the proceeding was instituted. Registration was refused on the ground of possibility of confusion with the trade-mark "Sparkline", used on goods of the same type.

It is elementary that the determination of the Commissioner of Patents is entitled to great weight, and should not be lightly set aside. Nevertheless, the Court must make a decision whether the Commissioner of Patents was right in his determination as to the possibility of confusion.

It must be noted that this is not a question of a scientific or technical nature in respect to which experts of the Patent Office are specially equipped. We are dealing with a question of fact concerning which this tribunal is competent to make a finding on the basis of the evidence before it.

Reports of appellate courts abound with cases in which trade-marks having the same suffix have been held not to be confusingly similar. The evidence in this case indicates that no instance of actual confusion as between the two trade-marks has ever come to the knowledge of the two witnesses who testified at the trial. This is evidence that was not available to the Commissioner of Patents, who has offered none to contradict it.

The party that opposed the registration in the Patent Office has not sought to intervene in this litigation. It is reasonable to infer that it is not capable of producing any evidence showing the likelihood of confusion, other than an inspection of the trade-mark itself.

The Court is of the opinion that trade-marks "Sureline", and "Sparkline", are not confusingly similar. There is no similarity either in the spelling or in the pronunciation of the words "Spark", and "Sure", the only similarity being in the first letter. As the Court stated before, there are any number of cases of trademarks having the same suffix—which is true in this case—which have been held to be not confusingly similar.

The Court is impelled to reach its conclusion on the basis of the decisions in Waterbury Chemical Company v. Reed and Carnrick, 41 App.D.C. 256, in which the

trade-marks "Pinozyme" and "Peptenzyme" have been held not to be confusingly similar; the decision in Younghusband v. Kurlash Company, 94 F.2d 230, 25 C.C.P.A., Patents, 886, in which the trade-mark "Kurlash" and the trade-mark "Starlash" have been held not to be confusingly similar; and Kelvinator Corporation v. Norge Corporation, 94 F.2d 384, 25 C.C.P.A., Patents, 857, in which the trade-marks "Kelvinator" and "Aerolator" were held not to be confusingly similar. In each of these cases the decision of the Commissioner of Patents was adverse to registration. The decision in the first of the cases cited was reversed by the Court of Appeals for the District of Columbia, and in the other two cases by the Court of Customs and Patent Appeals.

The Court finds that the two trade-marks are not confusingly similar, and that, therefore, plaintiff is entitled to register its trade-mark. The Court will render judgment for the plaintiff. Counsel will please submit proposed findings of fact and conclusions of law, and judgment.