50 CCPA

Application of Bennie F. DIRZIUS, doing business as Dirzius Machine Shop.

Patent Appeal No. 6868.

United States Court of Customs and Patent Appeals.

Jan. 16, 1963.

James R. McKnight, Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel) for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Associate Judges.

RICH, Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board affirming the rejection of application Ser. No. 60,903, filed October 20, 1958, to register "Hi-Speed Drillmaster" on the Principal Register as a trademark for "attachments to industrial drill presses for increasing their speed." The claimed date of first use is May 13, 1955.

The application was rejected under section 2(d) of the Lanham Act (15 U.S.C. 1052) on the prior registration of "Drillmaster," Reg. No. 367,025, issued May 9, 1939, to Chicago Flexible Shaft Company, for "HAND OPERATED ELECTRICALLY DRIVEN DRILLS." This mark appears to have been "republished" by Sunbeam Corp., according to the examiner's citation of it, the record being very obscure in this particular.

On appeal, the board affirmed the rejection, expressing the views that hand-held electric drills and attachments for industrial type drill presses are clearly items which a single manufacturer might be expected to make, that average purchasers of such goods would at least to some extent be the same, and that confusion or mistake or deception of purchasers would be quite likely to occur. We are in complete agreement with these views and with the decision based thereon.

Appellant's contentions are based, in essence, on an argument that his goods and the goods of the reference are very different. He argues that his goods consist of a single specialty item made only for industry for attachment to heavy drill presses for increasing the drill speed. The Sunbeam "Drillmaster" of the reference, it is contended, is a light-weight, hand-held drill sold only to home-owners for do-it-yourself work.

There is absolutely nothing in the record other than the descripton in the application from which we can determine just what appellant's goods are. The "specimen" attached to the application, showing the mark in use, is apparently a photograph of appellant's device which appears to be an auxiliary geared-up chuck. Appellant put into the application record with one of his amendments a clipping from the Chicago Sunday Tribune Magazine and another from Life magazine which are advertisements of Sunbeam "Drillmaster" drills or drill kits suitable for household or do-it-your-self work.

 We are obliged, however, in the absence of any properly authenticated evidence to the contrary, to be governed by the descriptions of the goods as contained in the application and in the reference. The reference description includes all hand-operated electrically-driven drills and we can see no merit in appellant's argument that "Drillmaster" electric drills would never be used in "industry," which is the only place his drill press attachments are used.

We can give little weight to the argument that appellant's goods are confined to use by industrial drill press users. While it may be the fact that appellant presently sells to no others, there is no proof of that fact, or that it will forever be the case. We presume he would sell to anyone who wished to buy. Furthermore, we see no reason to assume that such users might not also be users of "Drillmaster" hand drills, or, if not users, then at least familiar with the make.

Appellant argues that there is no competition between his products and Drill-master drills. That transparently obvious fact is of no legal significance. The question here is whether it might be thought with reason that the same manufacturer produced both "Drillmaster" electric drills and "Hi-Speed Drillmaster" drill press attachments. We think it not only likely, which is enough, but highly probable.

We do not regard the "Hi-Speed" part of appellant's mark, a difference also urged upon us, to be particularly significant on this issue. It is so highly descriptive of a device for increasing drill speed as to have little trademark significance when used thereon. Except for this term, there is identity of marks, or complete incorporation of the reference mark in appellant's mark.

The only case cited by appellant is Younghusband v. Kurlash Company, Inc., 94 F.2d 230, 25 CCPA 886, (erroneously referred to as Kurlash v. Younghus-band). We have considered it but find it of no relevance to the issue here.

The decision of the board is affirmed.

Affirmed.