58 CCPA

**BEATRICE FOODS CO., Appellant,**

v.

**The BORDEN COMPANY, Appellee.**

**BEATRICE FOODS CO., Appellant,**

v.

**PAUL F. BEICH COMPANY, Appellee.**

**Patent Appeal Nos. 8448, 8449, 8393, 8394.**

United States Court of Customs and Patent Appeals.

Jan. 21, 1971.

James R. McKnight, Chicago, Ill., attorney of record, for appellant.

Maurice T. McElligott, New York City, for appellee, The Borden Co.

Edward G. Fenwick, Jr., Washington, D.C., (Mason, Fenwick & Lawrence), Washington, D.C., for appellee, Paul F. Beich Co.

Before RICH, ALMOND, BALDWIN, LANE, Judges, and DAVIS, Judge, Court of Claims, sitting by designation.

LANE, Judge.

In these appeals Beatrice Foods Co. seeks reversal of the decisions of the Trademark Trial and Appeal Board sustaining Borden's and Beich's oppositions to appellant's applications to register POLLY DOODLES[1] and DOODLEY–DOODLES,[2] both for candy. We affirm the board.

1. Serial No. 215,182, filed March 29, 1965.

2. Serial No. 246,151, filed May 20, 1966.

Borden based its oppositions on likelihood of confusion between the marks sought to be registered and the following marks, registrations of which are owned by Borden:

CHEEZ DOODLES for cheese-flavored corn curls.[3]

CORN DOODLES for corn chips.[4]

YANKEE DOODLES for cake.[5]

DIPSY DOODLES for corn chips.[6]

FRUIT DOODLES for prepared pastry product with fruit filling.[7]

NUTTY DOODLES for corn puffs, coated with caramel and peanut bits.[8]

Beich based its oppositions on likelihood of confusion between the marks sought to be registered and its registered trademark DIPSY DOODLE on a ribbon design for candy.[9]

Both opposers are admittedly prior users to appellant.

The board sustained Borden's oppositions on the grounds that the goods of Borden and appellant were similar, i. e., snack-type food products; and that since DOODLES, as applied to such products, was fanciful, appellant's use of the marks sought to be registered would be likely to cause confusion, deception or mistake within the meaning of 15 U.S.C. § 1052(d). Beich's oppositions were sustained on essentially the same grounds, the board noting that Beich's goods and appellant's were identical.

Appellant contends in its brief that similarity in terminal portions of trademarks is not alone a sufficient basis for a finding of likelihood of confusion, citing cases such as Younghusband v. Kurlash Co., 94 F.2d 230, 25 CCPA 886 (1938). None of the cited cases supports the broad proposition urged by appellant, but only the proposition that identical terminal portions of marks do not always require a holding of likelihood of confusion.

Appellant further contends that in this case the different first words of its marks obviate likelihood of confusion with the appellees' marks. Appellant's principal support for this contention is the fact that the second word, DOODLES, has been used on food products by several different companies[10] and hence cannot serve a source-indicating function in any of the appellees' marks. Accordingly, appellant argues, the DOODLES portion of its marks cannot create a likelihood of confusion as to source, and since the first words are clearly dissimilar to all of appellees' marks, there can be no overall likelihood of confusion. While this argument has some merit, we note, as the board did, that the word "doodles" as applied to food products is arbitrary and fanciful. We therefore conclude that the limited amount of third-party use-proved here, while possibly diluting the trademark significance of the term "doodles," does not entirely destroy its source-indicating function.

Appellant contended at oral argument that there was no doubt concerning the absence of likelihood of confusion. On the record before us we find that appellant's case leaves us with a good deal of doubt. According to long-standing practice, we must resolve this doubt in favor of appellees, the prior users.

Affirmed.

3. Reg. 644,839, registered April 30, 1957.

4. Reg. 747,002, registered March 19, 1963.

5. Reg. 535,134, registered December 26, 1950.

6. Reg. 690,326, registered December 22, 1959.

7. Reg. 799,618, registered November 30, 1965.

8. Reg. 813,124, registered August 16, 1966.

9. Reg. 362,768, registered November 29, 1938.

10. In addition to the two appellee companies' registrations, appellant cites registrations by Foremost Dairies, Inc., of DIXIE DOODLE for chocolate-covered frozen confections and similar products. Reg. 302,599, registered April 25, 1933, renewed April 25, 1953; Reg. 645,502, registered May 14, 1957.